

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
02/09/2011

|  |  |
|---|---|
| IN RE | ) |
|  | ) |
| JH REALTY INVESTMENT, LP, | )   CASE NO. 10-80636-G3-11 |
|  | ) |
| Debtor, | ) |
|  | ) |

MEMORANDUM OPINION

The court has held a hearing on the "Emergency Motion for Interim Order Authorizing the Debtor's Use of Cash Collateral Pursurant [sic] to Bankruptcy Code Section 363(c); and Granting Adequant [sic] Protection Pursuant to Section 363 and 364 of the Bankruptcy Code; and Setting a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4002(c)" (Docket No. 13).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the motion, without prejudice.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

JH Realty Investment, LP ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 29, 2010.

In the instant motion, Debtor seeks to use the cash collateral of MetroBank, N.A. ("MetroBank"). Jian Hua Hu, president of Debtor, testified that Debtor used cash collateral of MetroBank, N.A. without court approval or consent of MetroBank from the petition date until the date of filing of the instant motion.

Hu testified that Debtor's business consists of the operation of a shopping center and a supermarket.

MetroBank has filed a proof of claim, in the amount of $1,302,295.25. MetroBank asserts a security interest in the real property, plus rents, accounts, equipment, and other intangibles.

In the instant motion, Debtor seeks to use the cash collateral of MetroBank. Hu testified that Debtor's offer of adequate protection consists of replacement liens, maintaining insurance on the building, and maintaining the building in good condition.

Debtor presented no evidence as to the value of the building or of the remainder of MetroBank's asserted collateral.

## Conclusions of Law

Under Section 363(c)(2) of the Bankruptcy Code, a trustee (including a Chapter 11 debtor in possession) may not use cash collateral unless each entity that has an interest in such cash collateral consents, or the court, after notice and a

hearing, authorizes such use.  11 U.S.C. § 363(c)(2).

Except as provided in Section 363(c)(2), the trustee (including a Chapter 11 debtor in possession) shall segregate and account for any cash collateral in the trustee's possession, custody, or control.  11 U.S.C. § 363(c)(4).

On request of an entity that has an interest in, *inter alia*, cash collateral, the court shall prohibit or condition the use of, *inter alia*, cash collateral "as is necessary to provide adequate protection of such interest."  11 U.S.C. § 363(e).

In a hearing under Section 363, the trustee (including a Chapter 11 debtor in possession) has the burden of proof on the issue of adequate protection.  11 U.S.C. § 363(p)(1).

Section 361 of the Bankruptcy Code provides:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—
>
> > (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;
> >
> > (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or
> >
> > (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an

>administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11 U.S.C. § 361.

In the instant case, Debtor's budget (Debtor's Exhibits 7-11) does not provide for any payment to MetroBank. It is clear that Debtor's expenditure of cash would reduce the amount of cash distributable to MetroBank. Debtor presented no evidence to support its contention that the replacement lien it has offered is adequate to protect against any decrease in the value of MetroBank's asserted interest in the cash collateral. From the petition date to the date of filing of the instant motion, Debtor used MetroBank's asserted cash collateral without court authority or MetroBank's consent. Debtor has not accounted for its use of cash collateral from the petition date. The court concludes that Debtor has not met its burden of proof on the issue of adequate protection.

Based on the foregoing, a separate Judgment will be entered denying the instant motion, without prejudice.

Signed at Houston, Texas on February 9, 2011.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE